Argued and submitted December 10, 2019, affirmed September 1, 2021, petition for review denied January 20, 2022 (369 Or 209)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA FITZGERALD,
*Defendant-Appellant.*

Harney County Circuit Court
18CN03750; A168732

498 P3d 328

Defendant appeals a judgment of summary contempt, arguing that the trial court erred in holding him in contempt for exercising a constitutional right. At an arraignment hearing, the court was setting security amounts on defendant's current charge and also on two pending felony charges where conditional release had been revoked. The court was discussing an early trial date up with counsel when defendant interrupted and said that he wanted to fire his lawyer. The court asked defendant to calm down, but defendant explicitly refused to follow the court's request and again said that he wanted to fire his lawyer. The court held defendant in contempt for an "uncalled outburst" that disturbed the orderly conduct of the proceedings and imposed a 15-day sentence for the contempt. *Held*: Defendant's assignment of error regarding the summary contempt judgment was not preserved. Even assuming the issue was preserved, the record supports the trial court's finding that it was holding defendant in contempt because of his outburst at the hearing, not because of the subject matter of his request.

Affirmed.

Lung S. Hung, Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Daniel Norris, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Egan, Chief Judge, and Kistler, Senior Judge.*

_____

* Kistler, S. J., *vice* DeHoog, J.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

Defendant appeals a judgment of summary contempt, arguing that the trial court erred in holding him in contempt for exercising a constitutional right. Defendant misperceives the basis for the trial court's contempt ruling. The court found defendant in contempt for the disruptive way in which he expressed his request; it did not find him in contempt for exercising a constitutional right. We affirm the trial court's judgment.

Defendant appeared for arraignment in Harney County on a third-degree theft charge. The trial court appointed a lawyer to represent defendant and asked the state for its position on release pending trial.[1] The state responded that it did not oppose a standard conditional release. It noted, however, that it had filed motions to revoke defendant's conditional release on two pending felony charges. Defendant's counsel observed that the new third-degree theft charge appeared to be the only basis for revoking defendant's release on the pending felony charges, and he asked the court to "keep [defendant's] existing releases [in effect] on the two older matters."

The trial court focused initially on the third-degree theft charge. When asked for his position on release, defendant "promise[d]" that, if he was released on all three charges, he would not do "anything wrong from now until the 20th when I have a court date." The trial court followed the state's recommendation on the third-degree theft charge and ordered defendant conditionally released on that charge. It noted, however, that it had already signed orders revoking defendant's release on the two pending felony charges. The court accordingly held hearings in those two cases to set a security amount on both charges. At that point, defendant's lawyer suggested that, if the court was going to revoke defendant's release on the two felony charges and set a security amount, it should set a security amount on the third-degree theft charge as well so that defendant could get credit for time served on all three charges. Defense counsel, however,

---

[1] At the hearing, the trial court appeared by video, and defense counsel appeared by telephone. Defendant and the deputy district attorney apparently appeared in person in the court room.

reiterated his view that defendant should be conditionally released on all the charges.

In response to a question from the court, defendant asked, "Am I staying in custody or am I being released?" The court responded, "Well, I'm going to make that decision right now. So is there anything else you wish to say?" Defendant explained that he had dogs at home that "aren't being taken care of right now because I'm not out." He again promised to comply with the judge's orders and said that, if he were released on all three charges, "You will not see my face again, I promise, Your Honor, until these court dates."

Having considered defendant's request for conditional release on all three charges, the court declined to set aside its earlier orders revoking defendant's release on the felony charges; instead, it set a security amount on the third-degree theft charge at $5,000 and on the two pending felonies at $25,000. The court explained that "[t]he total security will be 30,000 - 3,000 cash on all three cases combined." The court added that, if defendant posted security, he needed to avoid any contact with the alleged victims pending trial.

The following colloquy then occurred:

"[DEFENDANT]:   Your Honor, I'm not on probation or anything for any of these cases. I mean, I'm not on probation at all.

"THE COURT:   Okay.

"[DEFENDANT]:   I haven't been in trouble at all. These are all allegations against me.

"THE COURT:   I understand that, Mr. Fitzgerald.

"[DEFENDANT]:   So, I mean, do you understand that I was really pleased that I would be released.

"THE COURT:   Well, I've made my decision Mr. Fitzgerald. You've had an opportunity to speak."

The court then asked defense counsel whether he wanted to keep the trial date currently set for the two felony charges, and defense counsel explained that, because defendant had been reduced to custody, he would try to

"coordinate an earlier [trial] date" but that he needed to check his schedule to see which dates would be available. As defense counsel and the court were talking, defendant interjected:

> "[DEFENDANT]:   I want to fire my attorney too.
>
> "THE COURT:   Mr. Fitzgerald, you need to calm down, okay?
>
> "[DEFENDANT]:   No, I don't need to calm down. I want to fire my attorney, please.
>
> "THE COURT:   Okay, Mr. Fitzgerald, I'm going to find you in contempt of court. I'm going to order that you serve an executed sentence. You need to stop this, Mr. Fitzgerald."

The court asked the court staff to prepare an order reflecting its contempt ruling and then returned to its earlier discussion with defense counsel regarding setting an earlier trial date. Defense counsel reiterated that he would "contact the Court to see if we can coordinate for an earlier [trial] date."

At no point did defense counsel object to the trial court's contempt ruling or suggest that his client's in-court behavior did not warrant it. Later that day, the trial court signed a summary contempt judgment that stated as follows: "Description of event that occurred in the immediate view and presence of the court: Uncalled outburst that disturbed the orderly conduct of the proceedings." The amended judgment ordered that defendant serve a 15-day sentence for the contempt.

On appeal, defendant argues that the trial court found him in contempt for exercising his constitutional right "to fire his court-appointed counsel." That is, he argues that the court found him in contempt for the substance of his request, not the manner in which he made it. At no point, however, did defense counsel object that the trial court was finding defendant in contempt for asking to fire his counsel, nor did defense counsel object on the ground that his client's behavior did not warrant finding him in contempt. The state notes that neither defendant nor defense counsel raised any objection to the trial court's contempt finding, and it argues that the issue is not preserved.

Defendant does not dispute that he may challenge the trial court's contempt finding on appeal only if he preserved his objection below. *See Peeples v. Lampert*, 345 Or 209, 219-21, 191 P3d 637 (2008) (discussing preservation requirement). He argues, however, that raising an objection to the court's contempt finding would have been futile because the court would not listen to anything he said. We question the premise of defendant's argument. The record shows that the trial court, while firm, was courteous to defendant throughout the hearing, and it does not suggest that the court would have refused to consider an appropriately voiced objection from defendant.

More importantly, even if defendant could not be expected to raise an objection, defense counsel could have objected if counsel believed that defendant's manner of expressing himself did not warrant a contempt sanction or if, as defendant now argues on appeal, counsel believed that the court was holding defendant in contempt for asserting a constitutional right. *See State v. Phillips*, 234 Or App 676, 681-82, 229 P3d 631, *adh'd to as modified on recons*, 236 Or App 461, *rev den*, 349 Or 370 (2010) (stating that proposition).[2] Defense counsel, however, did not raise any objection to the court's ruling, and nothing in the record suggests that the court would not have considered defense counsel's objection if he had raised one. Indeed, after the court held defendant in contempt for his outburst, the court and defense counsel resumed what appears from the record to be a respectful discussion about expediting defendant's trial

---

[2] Defendant argues on appeal that, once he said that he wanted to fire his attorney, his request automatically disabled his attorney's obligation and ability to represent him. The effect, however, of a request to "fire" counsel can vary depending on whether defendant was seeking to represent himself or whether he was asking the court to appoint a different counsel. Moreover, even if defendant were seeking to represent himself, defendant never explains why his counsel's obligation to him did not continue until the trial court confirmed that defendant was knowingly waiving his right to be represented by counsel and choosing to be self-represented after being advised of the potential pitfalls of doing so. Finally, we note that, as a practical matter, defense counsel continued to represent defendant after defendant asked to fire him and after the court held defendant in contempt. After those events occurred, defense counsel continued his discussion with the court about finding an earlier trial date that would fit the court and counsel's schedule. Counsel apparently did not perceive that defendant's request to fire him automatically ended his responsibilities to represent defendant. We accordingly conclude that defense counsel's failure to object matters.

date. The issue that defendant now seeks to raise on appeal was not preserved at trial.

However, even if we assume that defendant preserved the issue, his argument fails on the merits. Defendant's argument on appeal rests on the premise that the trial court held him in contempt simply because he asked to discharge his attorney, and he devotes almost all of his appellate brief to explaining why he had a constitutional right to make that request. The difficulty with defendant's argument is its premise. The trial court's judgment states that the court held defendant in contempt for an "[u]ncalled outburst that disturbed the orderly conduct of the proceedings." That is, the court did not hold defendant in contempt based on the substance of his request; it held him in contempt based on the manner in which he said it.

Defendant's appellate brief never addresses the trial court's finding. The closest his brief comes to doing so is a footnote, which states:

> "If the trial court had intended to hold defendant in contempt for something other than his request to fire his attorney, the record does not reveal what that something might be. Consequently, the record cannot justify the contempt sanction on any other basis."

Contrary to defendant's argument, the record reveals why the trial court held defendant in contempt; the court stated that it held defendant in contempt for an "[u]ncalled outburst that disturbed the orderly conduct of the proceedings."

We cannot say that the record does not support that finding. Rather, the record shows that, after the trial court had adhered to its decision to revoke defendant's release on the two pending felony charges and was discussing setting an earlier trial date with defense counsel, defendant interjected, "I want to fire my attorney, too." The trial court responded, "Mr. Fitzgerald, you need to calm down, okay?" As the trial court's contemporaneous description of defendant's behavior evidences, defendant was not speaking in a calm or appropriate manner. Significantly, defendant responded, "*No, I don't need to calm down*, I want to fire my attorney, please." (Emphasis added.) The trial court reasonably could

find that the emphasized statement not only confirmed that defendant was not acting appropriately but that defendant did not intend to comply with the rules that govern everyone's behavior in court.

To be sure, the transcript does not capture the tone, volume, or pace of defendant's words, nor does it reflect the tone, volume, or pace of the court's statements. And we appreciate that the phrase "you need to calm down" can be used in a dismissive way without regard to the content of what the speaker says.[3] However, defendant's lawyer never raised any objection at trial to the court's actions; specifically, he did not argue that the court's characterization of defendant's actions was inaccurate or its imposition of a contempt sanction unwarranted. We conclude from the defense lawyer's failure to raise any objection and the court's respectful behavior towards defendant throughout the rest of the hearing that defendant's behavior towards the court was inappropriate.

We recognize that the record in this case is thin. However, that stems in large part from the absence of any objection. Had defense counsel objected that contempt was unwarranted because his client was behaving appropriately, the court could have reconsidered its ruling, or it could have explained with greater specificity what defendant was doing that disrupted the proceedings. However, in the absence of an objection, putting those details on the record would have served little purpose other than to demean defendant, and the court appropriately focused its attention on the orderly completion of the hearing. Put differently, defendant can hardly argue that the transcript fails to reveal the full extent of his misconduct when a timely objection would have put the trial court on notice that it needed to specify the details that defendant now claims are missing. With no objection from defense counsel, we cannot say that the trial court erred.

Affirmed.

---

[3] An analysis of the entire conversation including the words and the unspoken features of those words, the context in which the conversation occurs and the relational dynamics of those speaking is necessary to understand what has actually been said and what has transpired. Without an objection, the transcript provides a poor means for untangling those issues.